BURKE, Judge,
concurring specially.
Although I concur with the majority’s opinion that, under the Supreme Court of Alabama’s holding in Ex parte J.A.P., 853 So.2d 280, 284 (Ala.2002), the State presented insufficient evidence to sustain Hig-don’s conviction for first-degree sodomy by forcible compulsion, see § 13A-6-63(a)(l), Ala.Code 1975, I write specially to voice my , opinion that the result in this case is unjust. As Presiding Judge Windom notes in her special concurrence,
“Higdon was 17 years old and worked at a day-care facility, where he acted in a role of authority-over the children. A four-year-old child would have believed that Higdon was an authority figure who, like a parent, had to be obeyed. For all relevant purposes, Higdon was in no different position than an adult who exercised a position of domination and control over-a1 child. A four-year-old child in these circumstances would have believed that disobeying Higdon’s instructions carried ‘an implied 'threat of some sort of disciplinary action.’ Powe v. State, 597 So.2d 721, 728-29 (Ala.1991).”
197 So.3d at 1017 (Windom, P.J., concurring specially). I would encourage the Alabama Legislature to amend the definition of forcible compulsion contained in § 13A-6-60(8), Ala.Code 1975, to ensure that it encompasses a factual scenario like the one present in this case.